# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE: 3:11cv459-RJC

| | | |
|---|---|---|
| **JEFFREY L. PHIFER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ROY COOPER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis*.  (Doc. No. 2).

## I.    FACTUAL AND PROCEDURAL HISTORY[1]

Petitioner was indicted by a grand jury in Mecklenburg County, North Carolina for felony larceny, felony possession of stolen goods, resisting a law enforcement officer, and attaining the status of an habitual felon.  State v. Phifer, 711 S.E.2d 876, 2011 WL 1467592, at *1 (N.C. Ct. App. 2011) (unpublished table decision).  The indictments were based upon the following facts:

> At 2:20 a.m. on 29 October 2008, Officer Caleb Comis ("Officer Comis") of the Charlotte–Mecklenburg Police Department was on patrol.  When Officer Comis observed a dark-colored pickup truck ("the truck") with its headlights turned off moving slowly through the parking lot of First Mayfield Baptist Church ("the church"), he drove into the parking lot to investigate.  He observed the truck moving forward, backward, and forward again.  Officer Comis also observed the truck exit

---

[1]The factual and procedural history recited in this Order came exclusively from the Court's own search of public documents, not from the habeas petition, which was both incomplete and factually inaccurate.

the parking lot at a high rate of speed. After the truck hit a pole, the driver and a passenger exited the truck and fled on foot. Officer Comis pursued the driver, later identified as defendant, for approximately two minutes. Officer Comis found defendant hiding behind a small tree. When Officer Comis instructed defendant to come out from behind the tree, defendant complied.

Officer Comis placed defendant under arrest, searched the bed of the truck and found a large air conditioning condenser. Officer Comis approached the church and noticed that a condenser was missing from the church's air conditioning unit. When Officer Comis searched the passenger compartment of the truck, he discovered a flashlight, pliers, and wire cutters inside the glove compartment. Officer Comis also determined that the condenser had been removed from the church's air conditioning unit because the connecting tubes were cut by a "wire cutter or a cutting tool.

Id.

On May 25, 2010,[2] a jury found Petitioner guilty of felony larceny, felony possession of stolen goods, and misdemeanor resisting arrest. Id. Petitioner subsequently pled guilty to attaining the status of an habitual felon. Id. The trial court arrested judgment on the felony larceny conviction and sentenced Petitioner to 127-162 months in prison for felony possession of stolen goods and attaining the status of an habitual felon. Id. The trial court also sentenced Petitioner to 60 days in prison for the misdemeanor and ordered that Petitioner serve both sentences concurrently in the custody of the North Carolina Department of Correction. Id.

Petitioner appealed, claiming that the trial court erred in denying his motion to dismiss the felony charges because there was insufficient evidence that the value of the stolen property met statutory requirements. Defendant Appellant's Brief at 2, State v. Phifer, 711 S.E.2d 876, 2011 WL 1467592 (N.C. Ct. App. 2011) (No. COA10–1256). The North Carolina Court of Appeals affirmed on April 19, 2011, Phifer, 711 S.E.2d 876, and the North Carolina Supreme

---

[2]The North Carolina Court of Appeals opinion denying Petitioner's direct appeal mistakenly cites Petitioner's conviction date as May 25, 2009. State v. Phifer, 711 S.E.2d 876, 2011 WL 1467592, at *1 (N.C. Ct. App. 2011) (unpublished table decision).

Court denied discretionary review on June 15, 2011, <u>State v. Phifer</u>, 710 S.E.2d 17 (N.C. 2011).

Petitioner filed the instant § 2254 habeas petition on September 16, 2011 (Doc. No. 1), raising three grounds for relief, which are stated herein *verbatim*. The first is a claim that Petitioner was improperly sentenced because "prior rec level/prior conviction level/aren't completely added correctly Due to on some Date's All Charge's were that Day taken care of." (<u>Id.</u> at ¶ 12(a)). The second is a claim of prosecutorial conduct, involving "Miss use of evid.& not using All Evd. in the sight of the Jury only the item of Found me guilty was used . . . not using the item of [undecipherable] wasn't fair Because it take 3 or more to of moved it." (<u>Id.</u> at ¶ 13(a)). The last is "How the Judge expressed Direct Judgment to the Jury." (<u>Id.</u> at ¶ 13(b)).

## II.     LEGAL STANDARD

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts directs the district court assigned a habeas petition to examine it promptly. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

## III.    DISCUSSION

Section 2254(b)(1)(A) provides that a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." To fully exhaust a claim, a petitioner must give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>Longworth v. Ozmint</u>, 377 F.3d 437, 448 (4th Cir. 2004) (quoting <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999)) (internal quotation marks omitted). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North

Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding in the trial court division and then petitioning the North Carolina Court of Appeals for a writ of certiorari. Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *11 (W.D.N.C. Dec. 28, 2010) (citing N.C. Gen. Stat. § 7A-31 and N.C. Gen. Stat. § 15A-1422).

Petitioner did not raise any of his federal habeas claims on direct review in the state courts. Defendant Appellant's Brief, supra, pp. 2-3. According to his Petition, he also has not raised them in a state post-conviction motion.[3] (Doc. No. 1 at ¶¶ 12(d), 13(b)). Petitioner's federal habeas claims, therefore, are unexhausted and must be dismissed.

Additionally, Petitioner has failed to comply with the Rules Governing Section 2254 Cases. Rule 2 requires that a petitioner name the state officer who has custody over him as the habeas petition's respondent. Rules Governing Section 2254 Cases, Rule 2(a), 28 U.S.C § 2254 foll. Here, Petitioner did not name a respondent, at all.[4] Additionally, a petition must state the facts supporting each ground for relief. Id. at Rule 2(c), 28 U.S.C § 2245 foll. Petitioner merely made conclusory allegations and provided no supporting facts. (Doc. No. 1 at ¶¶ 12(a), 13(a)-(b)). The latter deficiency alone warrants dismissal of the Petition.

---

[3]The Court contacted the Mecklenburg County Clerk of Court's Office, which had no record of Petitioner having filed a Motion for Appropriate Relief. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (stating that a federal court may in the interests of justice take judicial notice of state court proceedings that involve the issues pending in the federal court) (citations omitted).

[4]When docketing the Petition, the Clerk of Court listed the North Carolina Attorney General as Respondent, presumably because he is the legal representative for the State of North Carolina.

## IV. CONCLUSION

Petitioner's § 2254 habeas petition will be dismissed without prejudice so that he may exhaust his claims in state court. Petitioner is hereby notified, however, that the Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations period for the filing of a § 2254 petition. Specifically, the limitation period runs from the latest of–

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1).

Based upon the record before the Court, it appears that Petitioner's conviction and sentence became final on or about September 13, 2011, when the 90-day period during which he could have filed a certiorari petition in the United States Supreme Court expired. Clay v. United States, 537 U.S. 522 (2003). Therefore, it appears that absent statutory or equitable tolling, Petitioner has until September 13, 2012, to file a timely petition for writ of habeas corpus in federal court. See e.g. § 2244(d)(2) (providing for statutory tolling of the limitations period while a properly filed application for State post-conviction or other collateral review is pending) (emphasis added).

Finally, Rule 11(a) of the Rules Governing § 2254 Cases requires that the district court issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A

certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The undersigned concludes that Petitioner has not satisfied the legal standard for issuance of a certificate of appealability.

## V.    ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2254 habeas petition (Doc. No. 1) is **DISMISSED without prejudice**, and his Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED** for the sole purpose of entering this Order.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue in this action.

Signed: September 21, 2011

Robert J. Conrad, Jr.
Chief United States District Judge